IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GARY LONG, # 103828**                                                                    **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION: 3:18cv416-TSL-RHW**

**KEVIN BURKES,** *et al.*                                                                 **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* following review of the docket entries and pleadings in the case. Plaintiff filed this prisoner civil rights lawsuit on June 26, 2018. All Defendants except Kevin Burkes waived service of process, and have answered the lawsuit. [19] Counsel for Defendants advised the Court that Kevin Burkes is no longer employed by Management & Training Corporation, and provided his last known address under seal. [12] The Court promptly issued a notice of lawsuit and request for waiver of service to Burkes at the last known address. [13] No response was filed to the request for waiver. On September 27, 2018, the Court directed the Clerk to issue summons to Burkes for service by the United States Marshal Service (USMS). Process issued the same day [16], and was returned unexecuted by the USMS on October 23, 2018, marked "address was vacant." [17]

On October 31, 2018, the Court ordered Plaintiff to provide a current street address for Burkes by November 21, 2018, and expressly warned Plaintiff that failure to timely comply might result in Defendant Burkes being dismissed from the case. [18] Plaintiff has not responded to the Order, and has provided no further address for Burkes. It is the Plaintiff's responsibility to provide a Defendant's address for the purpose of service of process. *See Barmes v. Nolan*, 123 F. App'x 238, 239 (7th Cir. 2005) (finding district court was not responsible for helping *pro se* plaintiff locate address of defendant); *Laurence v. Wall*, 551 F.3d 92 (1st Cir.

2008) (IFP plaintiff is required to cooperate with court and USMS in effectuating service, including providing addresses of named defendants).

## RECOMMENDATION

Since the Court's efforts to obtain service on Defendant Burkes Ross have proved unsuccessful, and Plaintiff has provided no further address for service of the summons and complaint on Burkes, the undersigned recommends that the complaint be dismissed without prejudice as to Kevin Burkes.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 7th day of January, 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE